**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CHRISTOPHER STOWE, HERB MEYEROWITZ, JIM FALLOW, JAY LITTLE, MAVERICK WATSON, and HEIDI FENTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEARST MAGAZINE MEDIA, INC., d/b/a BICYCLING<br><br>Defendant. | C.A. No.: 25-1128-RGA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**[1]

Plaintiffs Christopher Stowe, Herb Meyerowitz, Jay Little, Maverick Waston, and Heidi Fenton, individually and on behalf of all others similarly situated, ("Plaintiffs") respectfully request, pursuant to Local Rule 7.1.2(b), leave to file the attached (Exhibit 1 hereto) proposed sur-reply in opposition to Hearst Magazine Media, Inc.'s, d/b/a Bicycling ("Defendant"), Motion to Compel Arbitration ("Motion") (D.I. 14). The basis for Plaintiffs' request is set forth below.

Courts in this District routinely grant leave to file sur-reply briefs where "the proposed brief responds to new evidence, facts, or arguments raised for the first time in the moving party's reply brief." *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016); see also *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013) ("A court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments.").

[1] Prior to filing this motion, Plaintiffs' counsel conferred with Defendant's counsel, who stated that they "take[ ] no position with regard to [Plaintiffs'] motion for leave to file a surreply. We neither consent nor oppose." *See* D.Del R. 7.1.1 Statement filed herewith.

Courts have likewise granted leave where a sur-reply would assist the Court in resolving the parties' dispute (*see, e.g.*, *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-1067-LPS, 2019 WL 1332356, at *4 (D. Del. Mar. 25, 2019)), or to permit a party to respond to new authority cited for the first time in a reply brief (*see Elliott v. Am. Int'l Life Assurance Co.*, 394 F. Supp. 2d 1357, 1362 (N.D. Ga. 2005)); *see also CYBERsitter, LLC v. P.R.C.*, 805 F. Supp. 2d 958, 964 (C.D. Cal. 2011).

Here, Defendant's reply ("Reply") (D.I. 18) (1) raises an argument that Plaintiffs could not reasonably have been expected to address in their opposition brief, and (2) relies extensively on new appellate authority decided after Plaintiffs filed their Answering Brief in opposition to Defendant's Motion ("Opposition") (D.I. 17). Both developments independently justify the filing of a short sur-reply.

First, Defendant argues that "none of the six (6) named Plaintiffs submit any evidence to contradict what is demonstrated in Hearst's opening papers." Reply at 1. This argument improperly attempts to shift the burden of proof to Plaintiffs to produce documentary evidence on a motion to compel arbitration—a burden that rests squarely with Defendant. *See Schwartz v. Comcast Corp.*, 256 F. App'x 515, 518 (3d Cir. 2007) (citing *Goldstein v. Depository Trust Co.*, 717 A.2d 1063, 1067 (Pa. Super. 1998)). Because Defendant raised this argument for the first time in its Reply, Plaintiffs have had no opportunity to address it, and should be afforded the chance to do so now.

Second, Defendant's Reply relies on *Simensky v. Experian Info. Sols., Inc.*, No. 25-1045, 2025 WL 3754509 (3d Cir. Dec. 29, 2025), an appellate decision issued fourteen (14) days after Plaintiffs filed their Answering Brief. *See* D.I. 17 (filed on December 15, 2025). Defendant cites *Simensky* as controlling authority on several occasions. *See* Reply at 1, 3-4. Given the decision's

recency and Defendant's heavy reliance on it, fairness and completeness require that Plaintiffs be permitted to address and distinguish *Simensky*.

Accordingly, Plaintiffs respectfully request leave to file a short sur-reply limited to responding to Defendant's newly raised arguments and its reliance on intervening appellate authority. As noted, Defendants' counsel have indicated they do not oppose the request.

Dated: January 14, 2025

/s/ P. Bradford deLeeuw
P. Bradford deLeeuw (DE Bar #3569)
**DELEEUW LAW LLC**
1301 Walnut Green Road
Wilmington, DE 19807
(302) 274-2180
brad@deleeuwlaw.com

*Counsel for Plaintiffs*

OF COUNSEL:
Mark S. Reich*
Michael N. Pollack*
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: mpollack@zlk.com

**Pro hac vice forthcoming*