**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CHRISTOPHER STOWE, HERB MEYEROWITZ, JIM FALLOW, JAY LITTLE, MAVERICK WATSON, and HEIDI FENTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEARST MAGAZINE MEDIA, INC., d/b/a BICYCLING<br><br>Defendant. | C.A. No.: 25-1128-RGA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**


OF COUNSEL:

Mark S. Reich*
Michael N. Pollack*
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
mreich@zlk.com
mpollack@zlk.com

**Pro hac vice forthcoming*

P. Bradford deLeeuw (DE Bar #3569)
**DELEEUW LAW LLC**
1301 Walnut Green Road
Wilmington, DE 19807
(302) 274-2180
(302) 351-6905 (fax)
brad@deleeuwlaw.com

*Counsel for Plaintiffs*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................ 1

A. Plaintiffs Need Not Submit Evidence to Contradict What is Demonstrated in Defendant's Motion: Defendant Bears the Burden to Prove Plaintiffs Agreed to Arbitrate ................... 1

B. Simensky Does Not Govern Here ........................................................................................ 2

CONCLUSION ........................................................................................................................ 4

# TABLE OF AUTHORITIES

**Cases**

*Acquire II, Ltd. v. Colton Real Estate Grp.*,
153 Cal. Rptr. 3d 135 (Ct. App. 2013) .......... 1

*Dillon v. BMO Harris Bank, N.A.*,
173 F. Supp. 3d 258 (M.D.N.C. 2016) .......... 1

*Goldstein v. Depository Trust Co.*,
717 A.2d 1063 (Pa. Super. 1998) .......... 1

*Guidotti v. Legal Helpers Debt Resolution, L.L.C.*,
716 F.3d 764 (3d Cir. 2013) .......... 2

*Kirleis v. Dickie, McCamey & Chilcote, P.C.*,
560 F.3d 156 (3d Cir. 2009) .......... 2

*National State Bank v. Federal Reserve Bank*,
979 F.2d 1579 (3d Cir. 1992) .......... 2

*Resolution Trust Corp. v. Gill*,
960 F.2d 336 (3d Cir. 1992) .......... 2

*Schwartz v. Comcast Corp.*,
256 F. App’x 515 (3d Cir. 2007) .......... 1

*Simensky v. Experian Info. Sols., Inc.*,
No. 25-1045, 2025 WL 3754509 (3d Cir. Dec. 29, 2025) .......... 1, 3

## INTRODUCTION

Defendant's reliance on *Simensky v. Experian Info. Sols., Inc.*, No. 25-1045, 2025 WL 3754509 (3d Cir. Dec. 29, 2025), a decision issued after Plaintiffs filed their opposition to Defendant's motion to compel arbitration ("Motion") (D.I. 14), does not salvage Defendant's failure to meet its evidentiary burden, nor does it undermine Plaintiffs' well-supported arguments in opposition ("Opposition") (D.I. 17). Moreover, Defendant's assertion in its reply ("Reply") (D.I.18) that "none of the six (6) named Plaintiffs submit any evidence to contradict what is demonstrated in Hearst's opening papers" (Reply at 1) reflects an improper attempt to shift the burden on a motion to compel arbitration to Plaintiffs, when that burden squarely rests with Defendant.

## ARGUMENT

### A. Plaintiffs Need Not Submit Evidence to Contradict What is Demonstrated in Defendant's Motion: Defendant Bears the Burden to Prove Plaintiffs Agreed to Arbitrate

Defendant cannot remedy its failure to establish an agreement to arbitrate by now asserting that Plaintiffs were required to submit evidence in support of their Opposition. Indeed, the party seeking to enforce an arbitration agreement bears the initial burden of establishing the existence of a valid agreement to arbitrate. *Schwartz v. Comcast Corp.*, 256 F. App'x 515, 518 (3d Cir. 2007) (citing *Goldstein v. Depository Trust Co.*, 717 A.2d 1063, 1067 (Pa. Super. 1998)). Accordingly, Plaintiffs are not required to submit evidence in opposition to contradict Defendant's Motion. *See Acquire II, Ltd. v. Colton Real Estate Grp.*, 153 Cal. Rptr. 3d 135, 153–54 (Ct. App. 2013) ("Plaintiffs have no evidentiary burden to establish their claims at this stage of the proceedings."); *see also Dillon v. BMO Harris Bank, N.A.*, 173 F. Supp. 3d 258, 264 (M.D.N.C. 2016) (holding

that any evidentiary burden on plaintiffs to oppose arbitration "only arises . . . after the proponent produces credible, admissible evidence" establishing the existence of an arbitration agreement).[1]

Here, even if Plaintiffs sought to submit evidence in opposition to the Motion, they cannot be expected to respond to screenshots submitted in the Declaration of Christina Dalton (the "Dalton Declaration") that are not the actual screens Plaintiffs encountered, but rather screenshots taken from other websites that are mere samples or examples of layouts that the Dalton Declaration claims Plaintiffs "would have" encountered. *See* Dalton Decl. at ¶¶ 14–16, 18. Moreover, the Dalton Declaration neither cites nor includes any internal records establishing a contemporaneous server log, IP timestamp, device IP address, or backend database entry reflecting an audit trail or activity log for the relevant user session that could clearly demonstrate Plaintiffs' assent to the terms and conditions containing an arbitration clause. It is not Plaintiffs' burden to supply proof that Defendant has failed to produce.

**B. Simensky Does Not Govern Here**

Defendant relies on *Simensky* in its Reply to argue that the Dalton Declaration is "sufficiently clear, direct, and positive" as to whether Plaintiffs could have entered into their relationships with Hearst without agreeing to arbitration. *See* Reply at 3 n.1. But the Dalton Declaration is anything but "clear, direct, and positive" on the threshold issue of assent, and

[1] Moreover, in the Third Circuit, a motion to compel arbitration is analyzed under the same standard as a motion for summary judgment. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 159 (3d Cir. 2009). Under that standard, the moving party bears the initial burden of showing that the nonmovant has failed to establish an essential element of its case. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 767 (3d Cir. 2013). If the movant does not satisfy this initial burden, the court must deny the motion regardless of whether the nonmovant has submitted any contrary evidence. See *National State Bank v. Federal Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir. 1992) (citing *Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir. 1992)) (holding that "where the movant bears the burden of proof at trial and the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented").

Defendant therefore cannot meet its burden to establish that Plaintiffs consented to arbitrate their claims.

In *Simensky*, the district court denied the defendant's motion to compel arbitration because the defendant failed to carry its burden of proving assent: the declaration submitted by a company employee was deemed insufficient where the declarant "ha[d] no firsthand knowledge" that the plaintiff himself created the account at issue. *Simensky*, 2025 WL 3754509, at *1. The plaintiff argued, and the district court agreed, that the declaration could not establish whether the plaintiff, rather than some other individual, had agreed to the relevant terms. The Third Circuit reversed, however, holding that the defendant had adequately demonstrated assent where the employee declarant authenticated contemporaneous account-creation records and attached representative screenshots showing the webform, Terms of Use, and Terms of Use Agreement as they would have appeared when the plaintiff enrolled. *Id.*

Here, Plaintiffs do not contend that some unidentified third party agreed to terms on their behalf. Instead, Plaintiffs challenge the adequacy of Defendant's proof. The screenshots relied upon in the Dalton Declaration are flawed and cannot establish that Defendant has met its burden to prove assent. Critically, the Dalton Declaration concedes that Defendant does not maintain screenshots separately for each publication and that the examples relied upon are drawn from other publications. *See* Dalton Decl. ¶ 16 n.6. This stands in stark contrast to *Simensky*, where the employee declarant "attached a representation of the webform, the Terms of Use, and the Terms of Use Agreement as they would have appeared when [the plaintiff] enrolled" from the very website the plaintiff encountered and sued over. *Simensky*, 2025 WL 3754509, at *1. Unlike the evidence credited in *Simensky*, the Dalton Declaration relies on other publications rather than

relevant and accurate representations of the actual enrollment interfaces Plaintiffs encountered. It therefore fails to provide the "clear, direct, and positive" evidence required to prove assent.

## CONCLUSION

For the foregoing reasons, this Court should decline to give weight to *Simensky* and reject Defendant's argument that Plaintiffs were required to substantiate their Opposition with evidence at this stage of the proceedings. Furthermore, as set forth in Plaintiffs' Opposition, the Court should deny Defendant's Motion.

Dated: January 14, 2025

*/s/ P. Bradford deLeeuw*
P. Bradford deLeeuw (DE Bar #3569)
**DELEEUW LAW LLC**
1301 Walnut Green Road
Wilmington, DE 19807
(302) 274-2180
brad@deleeuwlaw.com

*Counsel for Plaintiffs*

OF COUNSEL:
Mark S. Reich*
Michael N. Pollack*
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: mpollack@zlk.com

**Pro hac vice forthcoming*