# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CHRISTOPHER STOWE, HERB MEYEROWITZ, JIM FALLOW, JAY LITTLE, MAVERICK WATSON and HEIDI FENTON,** individually and on behalf of all others similarly situated,<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**HEARST MAGAZINE MEDIA, INC., d/b/a BICYCLING,**<br><br>    **Defendant.** | **Court No. 1:25-cv-01128-JCG** |

## OPINION AND ORDER

[Denying Defendant's Motion to Compel Arbitration.]

Dated:  June 10, 2026

P. Bradford deLeeuw, deLeeuw Law LLC, of Wilmington, DE; Mark S. Reich and Michael N. Pollack, Levi & Korsinsky, LLP, of New York, N.Y.  Attorneys for Plaintiffs Christopher Stowe, Herb Meyerowitz, Jim Fallow, Jay Little, Maverick Watson, and Heidi Fenton, individually and on behalf of all others similarly situated.

Lesley F. Wolf and Emily C. Friedman, Ballard Spahr LLP, of Wilmington, DE; Jonathan R. Donnellan, Andrea R. Butler, and Kristen L. Hauser, The Hearst Corporation, of New York, N.Y.  Attorneys for Defendant Hearst Magazine Media, Inc., d/b/a Bicycling.

Court No. 1:25-cv-01128                                                    Page 2

Choe-Groves, Judge:  Plaintiffs Christopher Stowe, Herb Meyerowitz, Jim Fallow, Jay Little, Maverick Watson, and Heidi Fenton (collectively, "Plaintiffs") filed this case individually and on behalf of all others similarly situated against Defendant Hearst Magazine Media, Inc., d/b/a Bicycling ("Defendant" or "Hearst") alleging violations of the Video Privacy Protection Act, 18 U.S.C. § 2710, et seq. (Count I); common law invasion of privacy (Count II); the Federal Wiretap Act, 18 U.S.C. § 2710, et seq. (Count III); the California Invasion of Privacy Act, Cal. Penal Code § 631 (Count IV); the California Invasion of Privacy Act, Cal. Penal Code § 638 (Count V); and the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S.A. § 5701, et seq. (Count VI). Class Action Compl. ("Compl.") at ¶¶ 254–334, (D.I. 1).

Before the Court is Defendant's Motion to Compel Arbitration (D.I. 14). See Mem. Law Supp. Def.'s Mot. Compel Arb. ("Def.'s Br.") (D.I. 15).

For the reasons discussed below, Defendant's Motion to Compel Arbitration is denied.

## BACKGROUND

Plaintiffs are citizens of Pennsylvania, California, Indiana, and Illinois. Compl. at ¶¶ 32–37.  Hearst is alleged to be a Delaware corporation and operates Bicycling.com ("Website"), which offers articles related to fitness and training, profiles of cycling's most engaging riders, and detailed reviews of bikes and gear.

Court No. 1:25-cv-01128                                                        Page 3

Id. at ¶ 38.  Plaintiffs allege that the Website offers several subscription options, including: (1) a paid subscription that provides access to exclusive content and a subscription to the print magazine; and (2) a free subscription to the Website's newsletter.  Id. at ¶ 3.  Both the paid and free subscriptions require a user to provide personal information, such as their full name and email address.  Id. at ¶¶ 2–3.  The Website allows visitors to use a built-in search bar to conduct searches and to watch videos based on the search results.  Id. at ¶ 4.

Plaintiffs formed differing relationships at varying times with the Website. Jim Fallow (2015), Herb Meyerowitz (2020), Christopher Stowe (2022), and Maverick Watson (2023) became paid subscribers, while Jay Little (2020) and Heidi Fenton (2024) signed up for free newsletters.  Id. at ¶¶ 32–37.

Plaintiffs allege that Defendant used tracking tools to intercept and disclose consumers' search terms, video watching information, and identifiable information.  Id. at ¶ 5–7.  The information was transmitted to the third parties that developed and offered the tracking tools, including entities such as Meta Platform Inc. and Google LLC.  Id. at ¶ 5.  Defendant allegedly did not seek or obtain user consent, and did not disclose to users that this data tracking and sharing was occurring.  Id. at ¶¶ 5, 7.  Plaintiffs allege that Defendant's use of the tracking tools amounted to violations of video privacy and wiretapping laws.  Id. at ¶¶ 8–31.

Plaintiffs filed this case on September 10, 2025.  Compl. (D.I. 1).  On October 23, 2025, upon stipulation of the Parties, the Court ordered Defendant to file its Motion to Compel Arbitration by November 12, 2025, and extended Defendant's time to respond to the Complaint, if necessary, to thirty days after the Court's ruling on the Motion to Compel Arbitration.  Order (Oct. 23, 2025) (D.I. 7).

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") creates a strong federal policy in favor of compelling arbitration over litigation.  Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 104 (3d Cir. 2000).  The FAA prioritizes "efficient and speedy dispute resolution" and the "enforcement of private agreements."  Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 29 (1983) (explaining that the FAA "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses.").  "The significant role courts play in interpreting the validity and scope of contract provisions applies an additional brake on the FAA's speed impulse."  Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 773 (3d Cir. 2013).

"The question whether parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination

[u]nless the parties clearly and unmistakably provide otherwise.'" Howsam v.

Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (emphasis omitted) (quoting

AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649, (1986)); see

also First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995) ("Courts

should not assume that the parties agreed to arbitrate arbitrability unless there is

'clea[r] and unmistakabl[e]' evidence that they did so." (alterations in original)

(quoting AT&T Techs., Inc., 475 U.S. at 649)).

Regarding the proper standard of review by which to analyze a motion to

compel arbitration, the United States Court of Appeals for the Third Circuit has

held:

> [W]hen it is apparent, based on the face of a complaint, and documents
> relied upon in the complaint, that certain of a party's claims are subject
> to an enforceable arbitration clause, a motion to compel arbitration
> should be considered under a Rule 12(b)(6) standard without
> discovery's delay. But if the complaint and its supporting documents
> are unclear regarding the agreement to arbitrate, or if the plaintiff has
> responded to a motion to compel arbitration with additional facts
> sufficient to place the agreement to arbitrate in issue, then the parties
> should be entitled to discovery on the question of arbitrability before a
> court entertains further briefing on [the] question. After limited
> discovery, the court may entertain a renewed motion to compel
> arbitration, this time judging the motion under a summary judgment
> standard.

Guidotti, 716 F.3d at 776 (internal citations and quotation marks omitted)

(alteration in original).

Court No. 1:25-cv-01128                                                    Page 6

## DISCUSSION

Defendant argues that the Court should stay the proceedings and compel arbitration pursuant to Section 3 of the Federal Arbitration Act.  Def.'s Br. at 11. Defendant contends that Plaintiffs agreed to Hearst's Terms of Use that contained an arbitration provision, and Plaintiffs' counsel acknowledged previously that the claims are subject to arbitration.  Id.  Relying on an attached declaration, Defendant avers that when each Plaintiff signed up for a subscription or newsletter, there was a clear, conspicuous, and enforceable arbitration clause presented to them that they agreed to.  Id. at 3–11, 14–18; see Decl. Christina Dalton Supp. Def.'s Mot. Compel Arbitration ("Dalton Decl.") (D.I. 16).  Defendant also states that Plaintiffs' counsel acknowledged the potential to arbitrate Plaintiffs' claims, and this demonstrates that Plaintiffs knew this dispute was subject to an arbitration clause.  Def.'s Br. at 19–20; id. at Ex. 1 (D.I. 15-1).

Plaintiffs dispute the existence of any agreement to arbitrate.  Pls.' Answering Br. Opp'n Def.'s Mot. Compel Arbitration ("Pls.' Resp. Br.") (D.I. 17). Plaintiffs argue that the Dalton Declaration does not provide evidence of the interfaces that Plaintiffs were presented with because they are drawn from other publications.  Id. at 6–8.  Plaintiffs aver that Defendant admitted that its checkout process varied over time and that Hearst did not maintain records of the screens viewed by Plaintiffs.  Id. at 7, 14.  Plaintiffs assert that Defendant's illustrative

examples that speculate about what Plaintiffs would have agreed to are insufficient to show that Plaintiffs had inquiry notice of the arbitration provision. Id. at 6–11. Plaintiffs contend that the letter sent by Plaintiffs' counsel to Defendant did not acknowledge enforceability of an arbitration clause, concede validity, or accept arbitration, and is otherwise too ambiguous to operate as an admission regarding contract formation. Id. at 15–16.

The Court first examines whether the Complaint establishes on its face that Plaintiffs agreed to be bound by terms of use, including an arbitration provision, thereby subjecting Defendant's Motion to Compel Arbitration to the Rule 12(b)(6) standard. Guidotti, 716 F.3d at 776. The Complaint does not rely on Hearst's terms of use, nor does it address the existence, validity, or scope of an arbitration agreement. See generally Compl. The Complaint does not have exhibits that would evidence Plaintiffs' consent to an arbitration provision, such as a contract or the terms of use. The existence of an agreement to arbitrate is not apparent on the face of the Complaint. In such a situation, "arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record." Guidotti, 716 F.3d at 774.

After examining the Parties' briefing and the record before the Court, the Court concludes that the Complaint and its supporting documents do not establish an agreement to arbitrate, and Plaintiffs have sufficiently placed the agreement to

Court No. 1:25-cv-01128                                              Page 8

arbitrate in issue.  Given that no discovery has taken place, a conclusion on this issue would be inappropriate at this time.  See id. at 780.  The Court orders limited discovery on the issue of whether there was a meeting of the minds on the agreement to arbitrate.  After this limited discovery concludes on the sole issue of arbitrability, the Court will assess whether arbitration is warranted under a Rule 56 summary judgment standard.  Id. at 776.  If a genuine dispute of material fact remains, the factual question of whether there was a meeting of the minds to arbitrate shall be submitted to trial (before a jury, if either party demands a jury trial).  Id.

## CONCLUSION

Upon consideration of Defendant's Motion to Compel Arbitration (D.I. 14), and all other papers and proceedings in this action, it is hereby

**ORDERED** that Defendant's Motion to Compel Arbitration (D.I. 14) is denied; and it is further

**ORDERED** that on or before June 23, 2026, the Parties shall meet and confer and file a joint proposed Scheduling Order in this action that proposes dates and deadlines for limited discovery and further briefing on the question of whether the Parties had agreed to arbitrate, whether either Party requests a jury trial on the issue of arbitration, and potential trial dates if the Court denies the motion for summary judgment on arbitrability.  An opening brief in support of a motion for

summary judgment in favor of arbitration shall be limited to ten pages, and a brief in response shall be limited to ten pages.  The Parties shall not file any reply briefs. 7 days after the deadline for the response brief, the Parties shall file a joint statement of undisputed material facts, including the material facts upon which the Parties agree.  All relevant dates and deadlines shall be contained in a chart as shown below in Exhibit A.  The joint proposed Scheduling Order shall be filed with a cover letter requesting the Court to enter the joint proposed Scheduling Order.  If the Parties are unable to agree upon a proposed scheduling order, each Party shall file a proposed scheduling order by the deadline and contact my Case Manager, Steve Taronji, by telephone at (212) 264-1611 or via e-mail at steve_taronji@cit.uscourts.gov, to arrange a conference with the Court; and it is further

ORDERED that Defendant's deadline to respond to the Complaint shall be stayed pending further proceedings on the issue or arbitrability.

IT IS SO ORDERED this 10th day of June, 2026.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves
U.S. District Court Judge[*]

---

[*]Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.

Court No. 1:25-cv-01128                                                    Page 10

**Exhibit A**

| | |
|---|---|
| Close of Limited Discovery | |
| Deadline for Motion for Summary Judgment (10 pages) | |
| Response to Motion for Summary Judgment (10 pages) | |
| Joint Statement of Undisputed Material Facts (7 days after response brief) | |
| Trial | |